**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOLAN et al.,<br><br>    Plaintiffs,<br>vs.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>    Defendants. | CASE NO. 14cv2920-LAB (WVG)<br><br>**ORDER GRANTING MOTIONS TO DISMISS (DOCKET NOS. 5 and 6)**<br><br>**ORDER TO SHOW CAUSE** |

James and Tamara Dolan have sued several entities involved with various transfers of their home's note and deed of trust. (Docket no. 1.) They assert causes of action for wrongful foreclosure, quiet title, violation of the California Homeowner Bill of Rights (Cal. Civil Code § 2924.17), fraud, violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.* (UCL)), negligent infliction of emotional distress (NIED), and intentional infliction of emotional distress (IIED). (*Id.*) Defendants Nationstar Mortgage, U.S. Bank, Mortgage Electronic Mortgage Systems (MERS), and National Default Servicing Corporation have moved to dismiss. (Docket nos. 5 and 6.)

**I.    Background**

On March 16, 2006, the Dolans obtained an adjustable rate mortgage from Countrywide Home Loans for the purchase of a home in San Diego, California. (Complaint at ¶ 9.) The loan was secured by a deed of trust (DOT) against the property. (Complaint, Exhibit A.) The DOT names Countrywide Home Loans as the lender, ReconTrust Company

as the trustee, and MERS as a nominee for the lender and the lender's successors and assigns. (*Id.* at 2.) The Dolans contend that the original loan servicer was Countrywide Home Loans Servicing, the second servicer was Bank of America, and the final servicer was Select Portfolio Servicing. (Complaint at ¶ 10.)

**A.    Transfers**

The Dolans allege the following transfers occurred after execution of their mortgage:

- On or before April 28, 2006, through a series of transactions, the "mortgage loan" was sold to Harborview Mortgage Loan Trust 2006-4, with U.S. Bank as the "fiduciary owner of the securitized mortgage-backed loans backing the securities certificates." (Complaint at ¶¶ 11–16.) The Dolans contend the sales violated the trust documents because they "were made without the required intervening assignment of [the DOT] and endorsement of the Note." (*Id.* at ¶ 17.)

- On June 13, 2011, MERS assigned the note and DOT to BAC Home Loans Servicing, (*id.* at ¶ 18), and on July 31, 2013, Bank of America, as successor to BAC, assigned the DOT, but not the note, to U.S. Bank, on behalf of Harborview Mortgage Loan Trust (*id.* at ¶ 24.) The Dolans challenge MERS' role in the transfers of interest in the loan. (*Id.* at ¶¶ 19–23.) They contend that the sales to Harborview Mortgage Loan Trust extinguished MERS' interest in the mortgage; that intermittent transferees in the securitization process aren't members of MERS, causing MERS to exit the chain of title; and MERS' assignment to BAC was nugatory because an entity can't transfer only a deed of trust without also transferring the note. (*Id.*)

- On August 21, 2013, Select Portfolio Servicing, as servicing agent, substituted National Default Servicing Corporation as trustee under the DOT. (*Id.* at ¶ 26.) The Dolans contend this substitution of trustee was null and void because it wasn't executed by all beneficiaries. (*Id.* at ¶ 27.)

- On October 15, 2013, Bank of America assigned its beneficial interest in the note and DOT to Nationstar. (*Id.* at ¶ 28.) According to the Dolans, this assignment was "clearly fraudulent and void" because Bank of America had already sold its interest

to U.S. Bank and "although the [assignment to U.S. Bank] was legally ineffective, title does not revert back to [Bank of America]." (*Id.* at ¶ 29.)

- On March 26, 2014, National Default Servicing Corporation executed a Notice of Default and Election to Sell (Notice of Default) under the DOT. (*Id.* at ¶ 30.) They did so as trustee for Select Portfolio Servicing, which acted as servicing agent for U.S. Bank, on behalf of Harborview Mortgage Loan Trust. (*Id.*) The Dolans contend the Notice of Default was "fraudulent, null, and void" because the beneficiary of record at the time was Nationstar, not U.S. Bank. (*Id.* at ¶ 31.)

- On July 10, 2014, U.S. Bank assigned the DOT to Nationstar. (*Id.* at ¶ 33.)

## B. The Dolans' Bankruptcy

The Dolans filed for bankruptcy on November 17, 2008. (Docket no. 5-5.) They were required to list all "claims of every nature, including . . . rights to setoff claims." (Docket no. 5-6 at 5.) The Dolans didn't disclose the claims they assert in this lawsuit. (*Id.*)

## C. Qualified Written Request

The Dolans allege that they sent a Qualified Written Request to Bank of America and Bank of America responded on June 15, 2011, advising that U.S. Bank owned their loan. (*Id.* at ¶ 36.) The Dolans contend this is false. (*Id.* at ¶ 37.)

## II. Request for Judicial Notice

In ruling on a motion to dismiss, the Court may take judicial notice of matters of public record, provided that they are not subject to reasonable dispute. *See, e.g., Sherman v. Stryker Corp.*, 2009 WL 2241664 at *2 (C.D. Cal. 2009) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201). Defendants seek judicial notice of seven documents recorded in the San Diego County Recorder's Office and three documents filed in the Dolans' bankruptcy case. (*See* Docket no. 5-3.) These documents are proper subjects of judicial notice. *Moreland v. U.S. Bank, NA*, 2015 WL 1932644, at *3 (E.D. Cal. Apr. 15, 2015) (taking judicial notice of court records and public records filed at recorder's office). While the Dolans object, they don't reasonably dispute the accuracy of the documents. The request to take judicial notice is **GRANTED**.

### III. Discussion

#### A. Legal Standard

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court must accept all factual allegations as true and construe them in the light most favorable to the Dolans. *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat a motion to dismiss, the Dolans' factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "some threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (internal quotation marks omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

While the Court must draw all reasonable inferences in the Dolans' favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). A complaint doesn't suffice "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 664. (internal quotation marks omitted).

#### B. The Dolans Fail to State a Claim

The Dolans' lawsuit is premised on the argument that, after they took out their home loan, the defendants botched the securitization and ensuing transfers of their note and DOT. Thus, the Dolans contend, no party is in a position to foreclose. (*See, e.g.*, Complaint at ¶¶ 29, 35, 39, 57.) So they have sued their current loan servicer, virtually every entity that has had a beneficiary interest in the DOT, and the trustee of the current beneficiary.

/ / /

The Dolans concede that they took out the loan. (*Id.* at ¶ 9.) They concede that they know who their loan servicer is. (*Id.* at ¶ 10.) And they don't dispute that they failed to make payments. From these facts alone, it's clear that the Dolans had an obligation to make their loan payments to their servicer. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011) ("The servicer of the loan collects payments from the borrower, sends payments to the lender, and handles administrative aspects of the loan."). It's also clear that National Default Servicing Corporation has the right to foreclose. *See* Cal. Civ. Code § 2924(a)(1) (permitting a "trustee, mortgagee, or beneficiary, or any of their authorized agents" to commence the nonjudicial foreclosure process). There is no free house fairy. Even if the alleged errors occurred, they wouldn't relieve the Dolans of their obligation to pay their mortgage. Because the Dolans' lawsuit is based on an implausible premise, it doesn't state a claim.

### C. Challenged Transactions

The Dolans' lawsuit is based on (1) alleged errors in the securitization of their loan; (2) alleged errors in the substitution of National Default Servicing Corporation as trustee; (3) MERS' role in the transfers; (4) Bank of America's October 15, 2013 assignment of the DOT and note to Nationstar; (5) alleged ambiguity arising from their Qualified Written Request; and (6) an alleged split of the note and DOT.

#### 1. Standing to Challenge Securitization

The Dolans contend that, because certain transactions in the securitization process violated the governing trust documents, the securitization failed. (*See, e.g.*, Complaint at ¶¶ 17–20, 45–46, 65, 72, 74, 93.) Thus, they argue, MERS has no interest in, or ability to assign, the DOT. (*Id.*) But, borrowers lack standing to challenge noncompliance with the trust documents. *See, e.g., In re Davies*, 565 F. App'x 630, 633 (9th Cir. 2014) (collecting cases and explaining that debtors who are not parties to the pooling and servicing agreements cannot challenge them). Citing a U.S. Bank document regarding the role of corporate trustees, the Dolans argue they have standing here "because US Bank has expressly acknowledged that the borrower is a party to the securitization transaction."

(Docket no. 8 at 1.) This is a gross misrepresentation of the U.S. Bank document. The passage the Dolans refer to merely explains that the borrower is a party in a mortgage backed security transaction. (Docket no. 14, Exhibit C at 1.) Later the document explains the borrower's role in the transaction: to make payments as required by the mortgage documents. (*Id*. at 4.) Nowhere does the document suggest that a borrower is a party to the agreements governing the securitization of their mortgage. The Dolans lack standing to challenge the securitization.

### 2. Substitution of Trustee

The Dolans also challenge the substitution of National Default Servicing Corporation as trustee. (Complaint at ¶¶ 26–27.) They argue that California Civil Code § 2934a requires that all beneficiaries execute a substitution of trustee and "US Bank, as trustee for Harborview Mortgage Loan Trust . . . , never received effective assignment of any interest in Plaintiffs' mortgage loan." (*Id*. at ¶ 27.) This argument is no more than a repackaging of the Dolans' challenge to the securitization, and Courts have resoundingly rejected it. *See, e.g., Gieseke v. Bank of Am., NA*, 2014 WL 718463, at *5 (N.D. Cal. Feb. 23, 2014).

### 3. MERS' Role in Transfers

The Dolans challenge MERS' role in the assignment of the note and DOT to BAC. (Complaint at ¶¶ 19–23.) But the Dolans agreed to MERS' role when it executed the DOT. (Docket no. 5-4 at 2–4.) Thus, MERS was authorized to make the assignment. *See Boyter v. Wells Fargo Bank, NA*, 2012 WL 1144281, at *5 (N.D. Cal. Apr. 4, 2012).

### 4. Bank of America's October 15, 2013 Assignment to Nationstar

The Dolans cite Bank of America's October 15, 2013 assignment of the DOT and note to Nationstar, and contend that it evidences fraud because Bank of America had already transferred its interest in the DOT to U.S. Bank. (Complaint at ¶ 29.) But the Dolans don't explain how this transfer supports their lawsuit. Indeed, because the Dolans allege that U.S. Bank also transferred its interest to Nationstar, it doesn't appear relevant. (*Id*. at ¶ 33.) As a result of the transfers, the Dolans' own allegations demonstrate that Nationwide is the beneficiary and holds the note and DOT.

### 5. Significance of the Qualified Written Request

The Dolans also discuss an inconsistency between recorded documents and an answer they received from a Qualified Written Request. They allege that, on June 13, 2011, the interest of U.S. Bank, on behalf of Harborview Mortgage Loan Trust, was transferred to BAC, but in a June 15, 2011 letter the loan servicer, Bank of America, informed them that the loan belonged to U.S. Bank. (Complaint at ¶¶ 18, 36.) The Dolans don't allege that two different parties were requesting payment for the same mortgage, and they concede that they knew the identity of their loan servicer. At most, the Dolans' allegation suggests that Bank of America was working off slightly outdated information when it wrote the letter. This doesn't support the Dolans' lawsuit or excuse their failure to pay their mortgage.

### 6. Separation of the Note and Deed of Trust

The Dolans contend that several transfers impermissibly split the note from the DOT and, therefore, no party is in a position to foreclose. (Complaint at ¶¶ 23–25; Docket no. 8 at 3.) The Ninth Circuit has rejected this argument. *Cervantes*, 656 F.3d at 1044 ("Even if we were to accept the plaintiffs' premise[] that . . . the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose."). The Dolans don't offer any argument for distinguishing this existing law. *Cf.* Fed. R. Civ. P. 11(b). And their own allegations show that, even if the note and DOT were split, they were reunited in the two transfers to Nationstar. (Complaint at ¶¶ 28, 33.)

Because the Dolans' challenges to these transactions are without merit, their lawsuit fails to state a claim upon which relief can be granted.

### D. Causes of Actions Against Moving Defendants

The Dolans assert six causes of action against the moving defendants: (1) wrongful foreclosure; (2) quiet title; (3) fraud; (4) violation of the UCL; (5) NIED; and (6) IIED.

#### 1. Wrongful Foreclosure

A foreclosure sale hasn't taken place, so the Dolans can't maintain their wrongful foreclosure cause of action. *See Matracia v. JP Morgan Chase Bank, NA*, 2011 WL 3319721, at *6 (E.D. Cal. Aug. 1, 2011).

### 2. Quiet Title

The Dolans haven't alleged that they have satisfied their obligations under the DOT, including their obligation to make payments until the note is paid in full (Complaint, Exhibit A at 5), so they can't maintain their quiet title cause of action. *See Kelley v. Mortgage Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).

### 3. Fraud

The elements of fraud are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Doe v. Gangland Productions, Inc.*, 730 F.3d 946, 960 (9th Cir. 2013). When alleging fraud in federal court, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Fed. R. Civ. P. 9(b). The Dolans allege they "justifiably relied on the false assignments and [Notice of Default] and the false statements made therein" and "[h]ad [they] been aware that the assignments are fraudulent and void, they would have taken action to protect their property and due process rights before the 2014 [Notice of Default] was issued." (Complaint at ¶ 87.) They explain that they have "suffered harm directly caused by Defendants' fraud as their credit has been ruined and the loss of their home is imminent." (*Id.* at ¶ 88.) The Dolans don't explain how the alleged misrepresentations resulted in damages. Indeed, their allegations suggest that they were already in default before they learned about the alleged misrepresentations, so it's unclear how the misrepresentations could have caused them to stop making their payments. *See Banares v. Wells Fargo Bank, NA*, 2014 WL 985532, at *7 (N.D. Cal. Mar. 7, 2014). The Dolans' fraud claim doesn't satisfy Rule 9(b).

### 4. UCL

The Dolans' failure to allege that they have satisfied their obligations under the DOT, including their obligation to make all payments, also precludes their UCL claim. *See Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1205 (E.D. Cal. 2013) ("The complaint lacks facts of plaintiffs' money or property allegedly lost in that they were obligated to pay their loan and faced foreclosure if they failed to meet their obligations.").

### 5. NIED

There is no independent tort of negligent infliction of emotional distress—the tort is negligence. *Flores v. EMC Mortgage Co.*, 997 F. Supp. 2d 1088, 1125 (E.D. Cal. 2014). An essential element of negligence is that the defendant owes a duty to the plaintiff. *Id.* "The general rule is that a financial institution does not owe a borrower a duty not to foreclose if the loan is in default . . . ." *Lester v. J.P. Morgan Chase Bank*, 2013 WL 3146790, at *11 (N.D. Cal. June 18, 2013). None of the Dolans' allegations suggest that this case falls outside of the general rule.

### 6. IIED

The elements of an IIED claim are: (1) defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff's suffering severe or extreme emotional distress; and (4) an actual and proximate causal link between the outrageous conduct and the emotional distress. *Flores*, 997 F. Supp. 2d at 1123–24. To be outrageous, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (internal quotation marks omitted). There's nothing outrageous about foreclosing after a borrower defaults. *Minichino v. Wells Fargo Bank, NA*, 2011 WL 4715153, at *7 (N.D. Cal. Oct. 7, 2011) ("pursuing one's economic interest such as by instituting foreclosure or unlawful detainer proceedings does not qualify as outrageous conduct that supports a claim for IIED." (internal quotation marks omitted)). The Dolans don't allege any facts showing how defendants' conduct was outrageous.

## IV. Conclusion

The Dolans allegations are facially implausible, their complaint is based on meritless challenges to the defendants' transactions, and the causes of actions they assert against the moving defendants don't state a claim upon which relief can be granted. No amendment would cure the defects in the Dolans' complaint, so the motions to dismiss filed by Nationstar, U.S. Bank, MERS (Docket no. 5) and National Default Servicing Corporation (Docket no. 6) are **GRANTED WITH PREJUDICE**.

**V.    Order to Show Cause**

Bank of America and Select Portfolio Servicing didn't join the motions to dismiss or file an answer, but the Dolans haven't taken any steps to advance their case against those defendants. Fed. R. Civ. P. 41(b) permits the Court to dismiss an action for failure to prosecute. Civil Local Rule 41.1 provides:

> Actions or proceedings which have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution . . . .

The Dolans are **ORDERED TO SHOW CAUSE** why their claims against Bank of America and Select Portfolio Servicing should not be dismissed for failure to prosecute. They may do so by filing a memorandum of points and authorities no later than October 5, 2015. Alternatively, the Dolans may dismiss the action. **If the Dolans fail to show cause as ordered within the time permitted, this action will be dismissed without further notice to them.**

**IT IS SO ORDERED**.

DATED: September 28, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge